IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| ALEX MALDONADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-17-2691 |
| | ) | |
| STATE OF MARYLAND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before this Court is Defendant State of Maryland's Motion to Dismiss Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Defendant's Motion")(ECF No. 20). The Court has reviewed Defendant's Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS IN PART Defendant's Motion.

**I.  Factual Background**

Plaintiff Deputy Sheriff Lieutenant Maldonado filed an Amended Complaint asserting a claim of employment discrimination during the course of his employment with the Prince George's County Sheriff's Office ("PGCSO"). Am. Compl. ¶ 14, et. seq. Plaintiff further states that he engaged in protected activity when he made internal complaints of discrimination, harassment and retaliation, as well as when he made complaints to the U.S. Equal Employment Opportunity Commission and the Prince George's Human Rights Commission. Id. at ¶ 17. Plaintiff contends he was subjected to retaliation when the PGCSO and Colonel Darrin Palmer ("Col. Palmer") of the PGCSO subjected him to a trial board, and later still when Col. Palmer

1

recommended Plaintiff to be terminated. Id. at ¶ 19. Plaintiff states that he filed a complaint with the PGCSO after a co-worker said she wanted Plaintiff to be sent back Puerto Rico in August 2003. The co-worker's discipline required that she write a letter of apology to Plaintiff. Id. at ¶ 20.

Plaintiff relates that in July 2014, he submitted a memorandum to Col. Palmer regarding the PGCSO's cohabitation policy for employees while on travel. Id. at ¶ 21. In August 2014, Plaintiff contacted the Hispanic National Law Enforcement Association ("HNLEA") regarding transfers of Spanish speaking deputies; transfers which resulted in less desirable assignments. A meeting with the leadership of the PGCSO and representatives of HNLEA led to new Hispanic hires in the PGCSO. Id. at ¶ 22.

The following year, in May 2015, a notice was issued regarding the promotional testing for those seeking the rank of captain. The test was to be given in November. Plaintiff was one of the eligible candidates. The test date was subsequently advanced to September 2015. Col. Palmer also changed the promotional format eliminating the testing component, leaving only the requirement of an interview. Plaintiff contends the new format violated the Memorandum of Understanding which resulted in Plaintiff, the only Hispanic, being ineligible to sit for the interview. Id. at ¶ 23. In June 2015, Plaintiff filed a complaint with the Department of Justice against Col. Palmer. Id. at ¶ 24. Plaintiff alleges that in retaliation, in November 2015, Col. Palmer filed charges against Plaintiff and initiated an investigation, recommending Plaintiff's termination. Id. at ¶ 25. Plaintiff also alleges that in February 2016 he was not able to participate in the captain's selection process due to the stress of the pending trial board.

## II. Standard of Review

The seminal Supreme Court cases of Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009) provide the essential concerns for a court considering a motion to dismiss. Twombly made clear that litigants cannot survive a motion to dismiss by the mere use of "labels and conclusions" or even a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S., at 555, 127 S. Ct., at 1965. A claim that overcomes a motion to dismiss contains sufficient factual information, which accepted as true, states a claim that is "plausible." Id., 550 U.S., at 570, 127 S. Ct. at 1974.

The Court is required to view the "allegations in the light most favorable" to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974). While the Court is bound to accept as true all of the factual allegations, the Court is not required to accept legal conclusions masked as such. Papasan v. Allain, 478 U.S. 265, 106 S. Ct. 2932 (1986). "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S., at 679, 129 S. Ct. at 1950. A motion to dismiss should be granted only "if it appears beyond doubt that the plaintiff can prove no set of facts that will entitle him to relief." Lambeth v. Board of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005).

In an employment discrimination case, it is not necessary to set forth "specific facts establishing a prima facie case" when using the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 (2002). Requiring a plaintiff to do so, would result in a "heightened pleading standard." This would normally be the case if a plaintiff possessed direct evidence of discrimination, but the burden-shifting paradigm of McDonnell Douglas significantly alters the analysis. To do otherwise

3

would create the "incongruous" result of requiring a plaintiff to "plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." Swierkiewicz, at 511-12. On the facts offered by way of Plaintiff's Complaint, it is clear that Plaintiff is proceeding under the McDonnell Douglas paradigm.

**III.   Analysis**

   **A.   The National Origin Claim**

At the outset, the parties agree on the law that is applicable. First, while the claims asserted are premised on the Maryland Fair Employment Practices Act, Md. Code Ann., State Govt. §20-606 (LexisNexis 2014), the state law is merely an analogue of the federal law. The State of Maryland is in lockstep with the federal law and courts in interpreting Title VII claims and in applying the analogous state law. Haas v. Lockheed Martin Corp., 396 Md. 469, 914 A.2d 735, 742 (2007). Second, in the absence of direct evidence of discrimination, Plaintiff must proceed under the burden shifting formula of McDonnell Douglas. Accordingly, the formula and elements for the claim of discrimination on the basis of one's national origin under federal law is set forth in Weathers v. Univ. of N. Carolina at Chapel Hill, 447 F. App'x 508 (4th Cir. 2011). Specifically, a Title VII plaintiff must show that he: (1) is a member of a protected class; (2) applied for promotion; (3) was qualified for the position; and (4) was rejected in favor of someone not a member of the protected group under circumstances giving rise to an inference of unlawful discrimination. Id. at 510.

Defendant rightly asserts that merely parroting the elements of a cause of action will not survive a properly placed motion to dismiss. Conclusory allegations are unavailing. Cole v. Hillside Family of Agencies, Inc., Civ. No. PJM 10-3326, 2011 WL 2413928, at *4 (D. Md. June 9, 2011). Merely claiming that members outside of a protected group were treated better than a

protected group, without more, is insufficient.  Sillah v. Burwell, 244 F. Supp. 3d 499, 513 (D. Md. 2017).

Plaintiff self-identifies as a Hispanic person of Puerto Rican descent.  Am. Compl. ¶ 2. Plaintiff's claim of national origin discrimination is anchored to the change in testing dates and protocol for the position of captain to be offered for eligible members of the PGCSO.

The testing date and interviewing for those interested in obtaining the rank of captain was originally scheduled to occur in November 2015.  On that date, Plaintiff would have met the requirements for eligibility.  However, the PGCSO elected to move the testing date to September 2015 and to dispense with the testing requirement.  This resulted in those qualifying for the position merely needing to be interviewed and promoted.  Plaintiff contends that he was the only person affected by this change in testing date and protocol, and that he was the only person of Hispanic descent who was a candidate.  Plaintiff states that all persons who were eligible by the September 2015 date were promoted to the rank of captain.  Plaintiff claims that the motive for the change in dates was to discriminate against him on the basis of his national origin.[1]

Defendant relies in part on McCleary-Evans v. Maryland Dept. of Transp., State Hwy. Admin., 780 F.3d 582 (4th Cir. 2015), which stands for the proposition that a cause of action does not arise merely because a position was filled by someone outside of a plaintiff's protected class. Plaintiff here asserts more.  Namely, that there was more than one position to be filled.  There were numerous candidates considered for these numerous positions.  Every person selected was outside of Plaintiff's protected group.  Moreover, of all of the candidates available for the original testing date, it was only Plaintiff who was affected by the date change.  While discovery

---

[1] Additionally, Plaintiff asserts that the change in dates was a violation of a Memorandum of Understanding ("MOU").  Am. Compl. ¶¶ 23, 48 and 65.  Plaintiff provides no description of the terms of the MOU or of the parties to the agreement.  Accordingly, the Court cannot assess its applicability to the present facts.

may reveal a legitimate non-discriminatory reason for the change in the testing date and protocol, Plaintiff's claim should not be dismissed for merely alleging that the positions were filled by those outside of his protected group. Plaintiff has stated more.

As a member of a protected class, who was qualified to apply for the rank of captain on the scheduled date in November 2015, and who was rejected in favor of others not in his protected group, Plaintiff has satisfied three of the four elements needed to survive Defendant's Motion. The remaining element was Plaintiff's "application for the position."

Plaintiff did not actually apply for the position after the date for the testing was moved. Plaintiff was qualified to apply for the November 2015 testing, but not for the September 2015 testing. Plaintiff correctly notes that he can be excused from actually applying for the position "if such an application would have been futile." Featherson v. Montgomery Cty. Pub. Sch., 739 F. Supp. 1021 (D. Md. 1990) (citing Teamsters v. United States, 431 U.S. 324, 365-68 (1977)).

As stated earlier, Plaintiff is required to offer a "plausible" claim of discrimination. When viewed in the light most favorable to Plaintiff, he has asserted sufficient facts, with the reasonable inferences flowing therefrom to conclude that Defendant subjected him to unlawful national origin discrimination. The fact that Plaintiff may have been eligible for promotion three months later is of no import. Even then, if proven true, said discrimination would result in adverse consequences to Plaintiff contrary to law.[2] Defendant's Motion as to this claim is DENIED.

---

[2] Similarly, the fact that Plaintiff may have received promotions in the past is of no moment. There are no facts before the Court to suggest that a similar protocol was in effect, whether the same decision-makers were involved, or even whether Plaintiff suffered unlawful discrimination in the course of prior promotions.

## B. The Retaliation Claim

As with the national origin discrimination claim, Plaintiff's retaliation claim arises under state law, which is analogous to federal law. The elements under both are that Plaintiff must show that he was 1) engaged in protected activity; 2) that he suffered an adverse employment action; and 3) that there is a causal connection between the protected activity and the adverse employment action. Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007).

Plaintiff contends that he engaged in "opposition" protected activity. This type of activity "encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." Stennis v. Bowie State Univ., No. 17-1345, 2017 WL 6604549, at *2 (4th Cir. Dec. 27, 2017) (citing DeMasters v. Carilion Clinic, 796 F.3d 409, 417 (4th Cir. 2015)). Specifically, Plaintiff states that in August 2014, he communicated by electronic mail with the HNLEA regarding the transfer of Hispanic speaking deputy sheriffs. That communication led to a meeting between leaders of HNLEA, the PGCSO and Plaintiff. In the end, more Hispanic speaking deputy sheriffs were hired. Plaintiff does not indicate the nature of the message he communicated. As stated, the Court cannot infer that Plaintiff was engaged in "opposition" activity or merely enlisting the assistance of the association in increasing the ranks of Hispanic speaking law enforcement officers.

Plaintiff next states that he engaged in protected activity when he filed a racial discrimination complaint in August 2003. Plaintiff asserts that this complaint was the reason in part for retaliation he experienced in September 2015. The Court fails to appreciate how this can remotely equate to a viable claim. The Court agrees with Defendant that this dated conduct cannot form the basis for a retaliation claim. See Pepper v. Precision Valve Corp., 526 F. App'x

335, 337 (4th Cir. 2013). The Courts of this district allow a causal connection when the temporal proximity is a matter of a few months, not years. See Vandevander v. St. Mary's Cty. Sheriff's Office, No. Civ. CCB–99–191, 2001 WL 589989, at *8 (D. Md. May 30, 2001).

Similarly, Plaintiff's memorandum regarding age discrimination in June 2014 is no assistance. As Defendant states, "the Amended Complaint contains no factual development . . . regarding when this memorandum was submitted, to whom it was submitted, and what it described." Plaintiff does provide a date, and represents he wrote a memorandum to his employer describing age discrimination. Am. Compl. ¶ 60. These bare-boned contentions fall short of the mark. Plaintiff has failed to provide enough information to suggest how this memorandum could provide a predicate for retaliation.

Plaintiff concedes that the mere filing of charges by Col. Palmer does not amount to discrimination. Pl.'s Opp'n. 13. Assuming, arguendo, the presence of evidence to support Plaintiff's contention that he engaged in protected activity, the filing of charges simply is not an adverse employment action. The case law in this district supports Defendant's position. Wyckoff v. Maryland, 522 F. Supp. 2d 730, 736 (D. Md. 2007)("Without more, the filing of an administrative charge is not a materially adverse action."). Plaintiff's reliance on James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371 (4th Cir. 2004) is misplaced. The passing comment relied upon in James is that "conduct short of ultimate employment decisions can constitute adverse employment action." This point goes unchallenged. Plaintiff must still demonstrate an adverse employment action, be it a reassignment to a lesser position, reduction in pay, or a host of other possible actions that may fall short of an actual termination. While termination is not required, some kind of adverse employment action is required.

Moreover, the charges against Plaintiff were not sustained, nor was any discipline imposed. Under these circumstances, Plaintiff has no basis to support the second element of his retaliation claim. See White v. City of Annapolis (MD), Civ. No. JFM-13-1330, 2015 WL 5009853, at *10 (D. Md. Aug. 21, 2015). If neither the filing of an administrative charge, nor the absence of the imposition of discipline equate to adverse action, it follows that any effort by Defendant to pursue an enhanced and/or unauthorized penalty (for a "class level 2" offense) cannot suffice if such pursuit is not sustained. At the end of the day, the absence of a finding against Plaintiff ends the analysis with respect to discrimination.

Plaintiff has not offered sufficient factual information to support a plausible claim for retaliation. He has failed to identify his engagement in protected activity, he has failed to show that he was subjected to an adverse employment action, and by necessity cannot demonstrate a causal connection between the first or second elements of a retaliation claim. Neither the changing of the testing date, nor the recommendation of termination in the administrative charging process provides the substance of Plaintiff's hoped for claim. Accordingly, Defendant's Motion as to Count Two is granted, and Plaintiff's claim for retaliation is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED as to Count I of the Amended Complaint and GRANTED as to Count Two of the Amended Complaint.

March 14, 2018

/s/
Charles B. Day
United States Magistrate Judge